# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PATTERSON-WOODS & ASSOCIATES, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. N18C-01-173 JRJ |
| INDEPENDENCE MALL, INC., | ) ) | |
| Defendant. | ) | |

## ORDER

Date Submitted: November 7, 2019
Date Decided: November 26, 2019

**AND NOW TO WIT**, this 26th day of November, 2019, the Court having duly considered Defendant Independence Mall, Inc.'s Motion for Reconsideration,[1] and Plaintiff Patterson-Woods & Associates, LLC's response thereto;[2] and the record in this case, **IT APPEARS THAT:**

1. On October 10, 2019, the Court granted summary judgment in favor of Plaintiff Patterson-Woods & Associates, LLC ("Plaintiff") involving a breach of contract dispute.[3] The Court determined Plaintiff was entitled to a commission under

---

[1] Defendant's Motion for Reconsideration ("Def. Mot. Recons."), (Trans. ID. 64323866); Defendant's Reply to Plaintiff's Response to Motion for Reconsideration ("Def. Reply"), (Trans. ID. 64405995).

[2] Plaintiff's Response to Defendant's Motion for Reconsideration ("Pl. Resp."), (Trans. ID. 64378421).

[3] Oct. 10, 2019 Opinion (Trans. ID. 64301917).

the terms of the contract (the "Commission Agreement") for services rendered in negotiating a lease between Defendant Independence Mall, Inc. ("Defendant") and Breakwater Accounting + Advisory Corp., Inc.[4] Specifically, the Court determined that Plaintiff was entitled to exercise its rights under the Acceleration Provision in the Commission Agreement, and Defendant owed Plaintiff an accelerated payment of its commissions for the five-year lease term and the additional option to renew five-year term.[5]

2. On October 16, 2019, Defendant filed the instant Motion arguing that the commission for an option period is not due under the Commission Agreement, and therefore, the Acceleration Provision only permits acceleration of the balance of payments due under the Commission Agreement.[6]

3. In opposition, Plaintiff argues that the language of the Final Lease, which includes a five-year term and the option to renew the lease term for an additional five years, is consistent with the language in the Acceleration Provision, and Defendant's Motion is an impermissible attempt to rehash arguments already considered and decided by the Court.[7]

---

[4] *Id.* at 10.
[5] *Id.* at 11.
[6] Def. Mot. Recons. §§ 4, 13; Def. Reply. § 8.
[7] Pl. Resp. §§ 12, 13.

4. A motion for reconsideration or reargument is governed by Superior Court Civil Rule 59(e).[8] Pursuant to Rule 59(e), the motion will be granted "only if the Court has overlooked precedent or legal principles, or the Court has misapprehended the law or the facts such as would have changed the outcome of the underlying decision."[9] A motion for reconsideration or reargument is not an opportunity to rehash arguments already decided by the Court, or to present new arguments that were not previously raised.[10] The movant must "demonstrate newly discovered evidence, a change in the law, or manifest in justice."[11]

5. Here, the instant Motion raises arguments previously addressed before the Court. The Court considered those arguments and applied the appropriate standard when it granted summary judgment. The Court interpreted the Commission Agreement as a whole and gave effect to the plain meaning of its terms and provisions.[12] As the Court explained in its Opinion, based on the express terms of the Commission Agreement, Plaintiff is entitled to an accelerated payment of its

---

[8] Super. Ct. Civ. R. 59(e).

[9] *State v. Brinkley*, 132 A.3d 839, 842 (Del. Super. 2016) (internal quotations omitted) (quoting *Kennedy v. Invacare, Inc.*, 2007 WL 488590, at *1 (Del. Super. Jan. 31, 2006)).

[10] *CNH Am., LLC v. Am. Cas. Co. of Reading, Pa.*, 2014 WL 1724844, at *1 (Del. Super. Apr. 29, 2014); *see also Kostyshyn v. Comm'rs of Bellefonte*, 2007 WL 1241875, at *1 (Del. Super. Apr. 27, 2007) ("Delaware law places a heavy burden on a [party] seeking relief pursuant to Rule 59.").

[11] *Brenner v. Vill. Green, Ins. Co.*, 2000 WL 972649, at *1 (Del. Super. Ct. May 23, 2000) (citations omitted).

[12] *See Rhone-Poulenc Basic Chems. Co. v. Amer. Motorists Ins. Co.*, 616 A.2d 1192, 1195 (Del. 1992) (Where the contractual language is clear and unambiguous, the Court will give effect to the plain meaning of the contract's terms and provisions); *see also DeLucca v. KKAT Mgmt., L.L.C.*, 2006 WL 224058, at *2 (Del. Ch. Jan. 23, 2006) ("[I]t is the court's job to enforce the clear terms of contracts.").

commissions for the five-year lease term and the additional option to renew five-year term included in the Final Lease.[13] As the language of the Acceleration Provision clearly states, "[Plaintiff] shall have the right to accelerate the payment of the balance of all future commissions *based upon the tenant exercising all options to renew and extend this lease*, and all such future commissions shall become due and payable at once upon demand."[14] Given that Defendant has never paid Plaintiff any of its commissions due under the Commission Agreement, the Acceleration Provision permits Plaintiff to accelerate the payment of all commissions *based upon* Breakwater Accounting + Advisory Corp., Inc. *exercising all options to renew and extend* the Final Lease.

6. The Court finds that Defendant presented arguments already considered by the Court and new arguments which are improper pursuant to Rule 59(e). Defendant has not demonstrated that the Court overlooked controlling precedent or legal principles, or misapprehended the law or facts. And, Defendant has failed to demonstrate newly discovered evidence, a change in the law, or manifest injustice.

---

[13] Oct. 10, 2019 Opinion at 14.

[14] Plaintiff's Motion for Summary Judgment, Ex. A, (Trans. ID. 62924915) (emphasis added). The Final Lease sets forth an initial five-year term and an option to renew for an additional five-year term.

4

**NOW THEREFORE**, for the foregoing reasons, Defendant Independence Mall, Inc.'s Motion for Reconsideration is **DENIED.**

**IT IS SO ORDERED.**

Jan R. Jurden, President Judge

cc: Prothonotary